Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
info@rodriguezlaw.com

Richard J. (Rex) Burch*
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

Michael A. Josephson*
Texas State Bar No. 24014780
Andrew W. Dunlap*
Texas State Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

* To apply for admission *pro hac vice*.

*Attorneys for Cyphers and the Hourly Employees*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA CYPHERS, Individually and On Behalf of Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>NASCO INDUSTRIAL SERVICES AND SUPPLY LLC<br><br>        Defendant. | Case No. _____<br><br>**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);<br><br>(2) Failure to Pay for All Hours Worked Under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.016).<br><br>(3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution;<br><br>(4) Failure to Pay Overtime under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.018); and<br><br>(5) Failure to Timely Pay All Wages Due and Owing Under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.020-050). |

(6) Failure to Pay Overtime under Alaska Law (Alaska Stat. § 23.10.050, *et seq.*)

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Joshua Cyphers (Cyphers) brings this class and collective action to recover unpaid wages and other damages from Nasco Industrial Services and Supply LLC (NISS) for violations of the Fair Labor Standards Act (FLSA), Nevada law, and the Alaska Wage and Hour Act (AWHA).

2.      NISS employed Cyphers as one of its Hourly Employees (defined below).

3.      NISS pays Cyphers and the other Hourly Employees by the hour.[1]

4.      Cyphers and the other Hourly Employees regularly work more than 40 hours a workweek.

5.      However, NISS does not pay Cyphers and the other Hourly Employees for all their hours worked, including overtime hours.

6.      Rather, NISS requires Cyphers and the other Hourly Employees to meet with the crew and foreman coming off shift, complete a daily shift report, attend line out meetings, and be suited out in their protective clothing and safety gear, "off the clock" prior the start of their shifts.

7.      Likewise, NISS requires Cyphers and the other Hourly Employees to meet with the crew and foreman coming on shift, attend safety meetings, wash-up, and change out of their safety gear and protective clothing "off the clock" following the end of their shifts (¶¶ 6 and 7 together comprise NISS's "pre/post shift off the clock policy").

8.      But NISS does not pay Cyphers and the other Hourly Employees for this "off the clock" time before and after their shifts.

9.      NISS's pre/post shift off the clock policy violates the FLSA, Nevada law, and the AWHA by depriving Cyphers and the other Hourly Employees of wages, including overtime wages, for all hours worked.

---

[1] NISS began paying Cyphers a salary in March 2024.

10.    In addition to failing to pay Cyphers and the other Hourly Employees for all their hours worked, NISS also fails to pay them overtime at the required premium rate.

11.    Instead, NISS pays them non-discretionary bonuses computed, based in part on production and time worked, that it fails to include in their regular rates of pay for overtime purposes (NISS's "bonus pay scheme").

12.    NISS's bonus pay scheme violates the FLSA, Nevada law, and AWHA by depriving Cyphers and the other Hourly Employees of overtime at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked in excess of 40 in a workweek (and 8 in a workday in Alaska).

13.    Additionally, NISS's pre/post shift off the clock policy and bonus pay scheme violate Nevada law by depriving Cyphers and the other Hourly Employees of timely payment of earned wages for all hours worked, including overtime hours, upon termination of their employment.

<h3 style="text-align:center">JURISDICTION & VENUE</h3>

14.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

15.    This Court has supplemental jurisdiction of the state-law claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

16.    This Court has personal jurisdiction over NISS based on its substantial contacts with and business done in Nevada, including being registered to do business in Nevada and employing Cyphers and other Hourly Employees in Nevada.

17.    Venue is proper because a substantial part of the events or omissions giving rise to this claim occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

18.    Specifically, NISS employed Cyphers and other Hourly Employees in Nevada.

<h3 style="text-align:center">PARTIES</h3>

19.    NISS employed Cyphers from approximately January 2023 until December 2024, including in Nevada, Utah, and Alaska.

20. NISS classified Cyphers as non-exempt and paid him by the hour until March 2024.

21. NISS subjected Cyphers to its pre/post shift off the clock policy and bonus pay scheme.

22. Cyphers' written consent is attached as **Exhibit 1**.

23. Cyphers brings this class and collective action on behalf of himself and other similarly situated NISS employees who were also subject to NISS's pre/post shift off the clock policy and/or bonus pay scheme.

24. The putative FLSA collective of similarly situated employees is defined as:

> **All hourly NISS employees during the past 3 years through final resolution of this action ("FLSA Collective Members").**

25. Cyphers also seeks to represent a class under Nevada law pursuant to FED. R. CIV. P. 23.

26. The putative Nevada class of similarly situated employees is defined as:

> **All hourly NISS employees who worked in Nevada during the past 3 years through final resolution of this action ("Nevada Class Members").**

27. The putative Alaska class of similarly situated employees is defined as:

> **All hourly NISS employees who worked in Alaska during the last two years through final resolution of this action (the "Alaska Class Members").**

28. The FLSA Collective Members, Nevada Class Members, and Alaska Class Members are collectively referred to as the "Hourly Employees."

29. NISS is a Montana limited liability company.

30. NISS may be served with process by serving its registered agent: **Will Nusser, 1895 Griswold Dr., Elko, Nevada 89801**, or wherever he may be found.

### FLSA COVERAGE

31. At all relevant times, NISS has been an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

32.    At all relevant times, NISS has been an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

33.    At all relevant times, NISS has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as personal protective equipment, tools, computers, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1)

34.    At all relevant times, NISS has had an annual gross volume of revenue made or business done of over $1,000,000 each year.

35.    At all relevant times, Cyphers and the other Hourly Employees have been NISS's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

36.    At all relevant times, Cyphers and the other Hourly Employees have been engaged in commerce or in the production of goods for commerce.

**FACTS**

37.    NISS touts itself as "a full-service agency, built to serve the industries that make modern life possible . . . propel[ling] many of the world's largest industrial and mining companies to meet their production and financial milestones."[2]

38.    To meet its business objectives, NISS hires workers, like Cyphers and the other Hourly Employees.

39.    While exact job titles and job duties may differ, Cyphers and the other Hourly Employees are all subject to NISS's same or similar illegal policies—its pre/post shift off the clock policy and bonus pay scheme—while performing similar work.

40.    For example, Cyphers worked for NISS as a foreman from approximately January 2023 until January 2024 in Utah, with the exception of June 2023, which he worked in Alaska, and he worked from January 2024 until December 2024 primarily in Nevada.

---

[2] https://www.nissglobal.com/ (last visited April 14, 2025).

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

41.     As a foreman, Cyphers' job duties included traveling throughout Nevada, Utah, and Alaska to assigned worksites, receiving a drill plan from mine geologists and utilizing a diamond core drill to drill one to 40 holes, as called for by the drill plan, to acquire core samples to determine where and what type of further mining should be undertaken.

42.     Cyphers' job duties likewise included completing daily shift reports, safety inspections, ordering equipment, donning and doffing safety gear and protective clothing, and attending meetings on NISS's premises, "off the clock," before and after his scheduled shifts.

43.     NISS paid Cyphers by the hour until March 2024.

44.     NISS paid Cyphers approximately $36 an hour.

45.     Throughout his employment, Cyphers worked 7 days a week for approximately 12 to 14 hours a day "on the clock" (84 to 98 hours a workweek) for 2 to 3 weeks on followed by a week off.

46.     But NISS did not pay Cyphers for all of his hours worked.

47.     Instead, NISS subjected Cyphers to its pre/post shift off the clock policy.

48.     Specifically, NISS required Cyphers to arrive at the mine, meet with the foreman and crew coming off shift to gather information necessary to determine the work plan for the day, complete a daily shift report, attend line out meetings, and be dressed out in his required protective clothing and safety gear (including reflective "diggers," hard hat, head lamp, ear protection, steel toed boots, safety glasses, gloves self-contained self-rescuer), fundamentally necessary to performing his job, prior to his shifts, "off the clock," and without compensation.

49.     This work took Cyphers approximately an hour each workday.

50.     Cyphers could not perform his job duties in accordance with NISS's policies, procedures, and expectations without meeting with the crew coming off shift, completing his daily shift report, attending line out meetings, and donning this protective clothing and safety gear.

51.     Indeed, much of the safety gear Cyphers must utilize is mandated by federal regulation. *See e.g.*, 29 C.F.R. § 1910.132; 30 C.F.R. § 56, *et seq.*; 30 C.F.R. § 57, *et seq.*

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

52.     Meeting with the foreman and crew coming off shift, completing the daily shift report, attending line out meetings, and donning protective clothing and safety gear each workday were therefore integral and indispensable work duties for Cyphers.

53.     Likewise, NISS required Cyphers to attend line out meetings, safety meetings, remove his safety gear and protective clothing, and wash up after his shifts "off the clock" and without compensation.

54.     This took Cyphers approximately an hour each workday.

55.     Cyphers could not perform his job duties in accordance with NISS's policies, procedures, and expectations without attending line out and safety meetings, removing his safety gear and protective clothing, and washing up each workday.

56.     Cyphers could not safely perform his job duties in accordance with NISS's policies, procedures, and expectations without attending line out and safety meetings, removing his safety gear and protective clothing, and washing up each workday.

57.     Attending line out and safety meetings, removal and storing of his safety gear and protective clothing, and washing up were therefore integral and indispensable work duties for Cyphers.

58.     But under its pre/post shift off the clock policy, NISS did not compensate Cyphers for the same.

59.     Thus, because of its pre/post shift off the clock policy, NISS failed to pay Cyphers wages for all hours worked, including overtime wages for all his overtime hours worked, in violation of the FLSA, AWHA, and Nevada Law.

60.     Cyphers and the other Hourly Employees perform their jobs under NISS's supervision and use materials, equipment, and technology NISS approves and supplies.

61.     NISS requires Cyphers and the other Hourly Employees to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

62.     At the end of each pay period, Cyphers and the other Hourly Employees receive wages from NISS that are determined by common systems and methods that NISS selects and controls.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

63.  Just as with Cyphers, the other Hourly Employees work 7 days a week for approximately 12 to 14 hours a day "on the clock" (84 to 98 hours a workweek) for 2 to 3 weeks on followed by a week off.

64.  But, just as with Cyphers, NISS fails to pay the other Hourly Employees for all their hours worked.

65.  Indeed, NISS subjects the other Hourly Employees to its pre/post shift off the clock policy it imposed on Cyphers.

66.  Specifically, like Cyphers, NISS requires the other Hourly Employees to arrive at the mine, meet with the foreman and/or crew coming off shift to gather information necessary to determine the work plan for the day, complete shift reports, attend line out meetings, and be dressed out in required protective clothing and safety gear (including reflective "diggers," hard hat, head lamp, ear protection, steel toed boots, safety glasses, gloves self-contained self-rescuer), prior to their shifts, "off the clock," and without compensation.

67.  As with Cyphers, much of the safety gear the other Hourly Employees must utilize is mandated by federal regulation. *See e.g.*, 29 C.F.R. § 1910.132; 30 C.F.R. § 56, *et seq.*; 30 C.F.R. § 57, *et seq.*

68.  And like Cyphers, NISS requires the other Hourly Employees to attend line out meetings, safety meetings, remove their safety gear and protective clothing, and wash up after their shifts "off the clock" and without compensation.

69.  And, just as with Cyphers, NISS does not pay the other Hourly Employees for this integral and indispensable work they perform "off the clock" before and after their scheduled shifts.

70.  And like Cyphers, these job duties take the other Hourly Employees approximately 2 hours each workday.

71.  NISS fails to exercise its duty as the Hourly Employees' employer to ensure they are not performing work "off the clock" (typically on its clients' premises) that NISS does not want performed.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

72.     And NISS knows, should know, or recklessly disregards whether Cyphers and the other Hourly Employees routinely perform work "off the clock," without compensation, before and after their scheduled shifts.

73.     Thus, NISS requires, requests, suffers, or permits Cyphers and the other Hourly Employees to perform compensable work "off the clock," without compensation, before and after their scheduled shifts.

74.     Despite accepting the benefits, NISS does not pay Cyphers and the other Hourly Employees for the compensable work they perform "off the clock" before and after their scheduled shifts.

75.     Thus, under NISS's pre/post shift off the clock policy, Cyphers and the other Hourly Employees are denied wages, including overtime wages, for compensable work they perform "off the clock" before and after their scheduled shifts, in violation of the FLSA, AWHA, and Nevada law.

76.     And NISS requires Cyphers and the other Hourly Employees to undertake travel during their regular working hours that keeps them away from home overnight.

77.     But NISS did not pay Cyphers and the other Hourly Employees for this travel time.

78.     NISS's failure to pay them for this travel away from home overnight during their regular working hours deprives Cyphers and the other Hourly Employees of wages, including overtime wages. *See* 29 CFR § 785.39.

79.     Further, throughout their employment, NISS has paid Cyphers and the other Hourly Employees according to its bonus pay scheme.

80.     Specifically, NISS pays Cyphers and the other Hourly Employees non-discretionary bonuses calculated based on factors including safety and production and hours worked.

81.     NISS knew these non-discretionary bonuses are required to be, but are not, included in Cyphers' and the other Hourly Employees' regular rates of pay for overtime purposes.

82.     For example, during the pay period ending February 16, 2024, NISS paid Cyphers a "Footage Bonus" of $149.75 that it failed to include in his regular rate of pay for overtime purposes:

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 36.0000 | 80.00 | 2,880.00 | 7,056.00 |
| Overtime | 54.0000 | 102.00 | 5,508.00 | 9,504.00 |
| Footage Bonus | | | 149.75 | 300.63 |
| PER DIEM | | | 2,100.00* | 4,650.00 |
| **Gross Pay** | | | **$10,637.75** | 23,391.34 |

83.    As a result, NISS failed to pay Cyphers and the other Hourly Employees overtime at a rate of at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked over 40 in a workweek (or 8 in a workday in Alaska), in violation of the FLSA, AWHA, and Nevada law.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

84.    Cyphers brings his claims as a class and collective action under Section 216(b) of the FLSA and under the AWHA and Nevada law pursuant to Fed. R. Civ. P. 23.

85.    Like Cyphers, the other Hourly Employees are victimized by NISS's pre/post shift off the clock policy and/or bonus pay scheme.

86.    Other Hourly Employees worked with Cyphers and indicated they were paid in the same manner, performed similar work, and were subject to NISS's same pre/post shift off the clock policy and/or bonus pay scheme.

87.    Based on his experiences with NISS, Cyphers is aware NISS's pre/post shift off the clock policy and bonus pay scheme were imposed on other Hourly Employees.

88.    The Hourly Employees are similarly situated in the most relevant respects.

89.    Even if their precise job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to wages for all hours worked, including overtime wages.

90.    Rather, the Hourly Employees are held together by NISS's pre/post shift off the clock policy and bonus pay scheme, which systematically deprive Cyphers and the other Hourly Employees

of required wages, including required overtime wages, for all hours worked, including hours in excess of 40 hours a workweek (and 8 in a workday).

91.     Therefore, the specific job titles or precise job locations of the Hourly Employees do not prevent class or collective treatment.

92.     NISS's failure to pay these employees "straight time" and overtime wages at the rates required by the FLSA, AWHA, and/or Nevada law results from generally applicable, systematic policies, and practices that are not dependent on the personal circumstances of the Hourly Employees.

93.     The Hourly Employees are denied overtime wages at the required premium rates for all overtime hours worked when they work more than 40 hours in a workweek (or 8 hours in a workday).

94.     NISS's records show the number of hours the Hourly Employees worked "on the clock" each workweek.

95.     The back wages owed to Cyphers and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

96.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to NISS's records, and there is no detraction from the common nucleus of liability facts.

97.     Therefore, the issue of damages does not preclude class or collective treatment.

98.     Cyphers' experiences are therefore typical of the experiences of the other Hourly Employees.

99.     Cyphers has no interest contrary to or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

100.    Like each Hourly Employee, Cyphers has an interest in obtaining the unpaid wages owed under federal, Alaska, and Nevada law.

101.    Cyphers and his counsel will fairly and adequately protect the interests of the other Hourly Employees.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

102.    Cyphers retained counsel with significant experience in complex class and collective action litigation.

103.    A class and collective action is superior to other available means for fair and efficient adjudication of this action.

104.    Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and NISS will reap the unjust benefits of violating the FLSA, AWHA, and Nevada law.

105.    Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome.

106.    Indeed, the multiplicity of actions would create a hardship for the Hourly Employees, the Court, and NISS.

107.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

108.    The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual Hourly Employees.

109.    Among the common questions of law and fact are:

a.      Whether NISS's pre/post shift off the clock policy failed to compensate the Hourly Employees for all hours worked;

b.      Whether NISS's pre/post shift off the clock policy deprived the Hourly Employees of overtime when they worked more than 40 hours in a workweek or 8 hours in a workday;

c.      Whether NISS's pre/post shift off the clock policy deprived the Hourly Employees of earned wages upon termination of employment;

d.      Whether NISS's bonus pay scheme deprived the Hourly Employees of overtime at the required rate, based on all remuneration, when they worked more than 40 hours in a workweek or 8 hours in a workday;

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

e.    Whether NISS's bonus pay scheme deprived the Hourly Employees of earned wages, including overtime wages, upon termination of employment;

f.    Whether NISS's decision not to pay the Hourly Employees all "straight time" and overtime wages due was made in good faith; and

g.    Whether NISS's violations were willful?

110.    NISS's pre/post shift off the clock policy and bonus pay scheme deprive Cyphers and the other Hourly Employees of wages, including overtime wages, they are owed under federal, Alaska, and Nevada law.

111.    There are many similarly situated Hourly Employees who have been denied wages, including overtime wages, in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

112.    The Hourly Employees are known to NISS and can be readily identified and located through NISS's business and personnel records.

**NISS'S VIOLATIONS WERE WILLFUL**

113.    NISS knew it was subject to the FLSA's overtime provisions and Nevada Law's minimum wage, hours of work, overtime, and earned wages provisions.

114.    NISS knew the FLSA and Nevada law required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

115.    NISS knew each Hourly Employee worked more than 40 hours in at least one workweek during the relevant period.

116.    NISS knew it paid its Hourly Employees according to its pre/post shift off the clock policy and/or bonus pay scheme.

117.    NISS knew it had a duty to ensure its Hourly Employees were not performing work "off the clock" (without pay).

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

118.    NISS knew it required the Hourly Employees to attend meetings, complete reports, don and doff safety gear and protective clothing, and wash-up "off the clock."

119.    NISS knew it controlled the Hourly Employees' work procedures.

120.    NISS knew its Hourly Employees' mandatory "off the clock" work was a fundamental requirement of their jobs.

121.    NISS knew its Hourly Employees' mandatory "off the clock" work was an integral and indispensable requirement of their jobs.

122.    NISS knew its Hourly Employees routinely performed this daily, required "off the clock" work for NISS's predominant benefit.

123.    In other words, NISS knew its Hourly Employees performed compensable work (*e.g.*, donning/doffing their safety gear and protective clothing, completing reports, attending meetings, and washing-up) "off the clock" and without compensation.

124.    NISS knew it paid the Hourly Employees non-discretionary bonuses that were required to be included in their regular rates of pay.

125.    NISS knew its pre/post shift off the clock policy and bonus pay scheme failed to compensate the Hourly Employees for all hours worked, including overtime hours.

126.    NISS knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA and Nevada law.

127.    NISS knowingly, willfully, and/or in reckless disregard carried out its pre/post shift off the clock policy and bonus pay scheme that systematically deprived the Hourly Employees of "straight time" wages, earned wages, and overtime for their hours worked over 40 in a workweek, in violation of the FLSA and Nevada law.

### COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

128.    Cyphers bring his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

- 14 -
ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

129.    NISS violated, and is violating, the FLSA by employing non-exempt employees (Cyphers and the other FLSA Collective Members) in a covered enterprise for workweeks in excess of 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

130.    NISS's unlawful conduct harmed Cyphers and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

131.    Accordingly, NISS owes Cyphers and the other FLSA Collective Members the difference between the rates actually paid and the required overtime wages actually earned.

132.    Because NISS knew, or showed reckless disregard for whether, its pre/post shift off the clock policy and bonus pay scheme violated the FLSA, NISS owes Cyphers and the other FLSA Collective Members these wages for at least the past 3 years.

133.    NISS is also liable to Cyphers and the other FLSA Collective Members for an amount equal to all their unpaid wages as liquidated damages.

134.    Finally, Cyphers and the other FLSA Collective Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

<u>**COUNT II**</u>
**FAILURE TO PAY FOR ALL HOURS WORKED**
**(NEVADA CLASS)**

135.    Cyphers brings his claim for failure to pay for all hours worked as a class action on behalf of himself and the other Nevada Class Members under Nevada law pursuant to Fed. R. Civ. P. 23.

136.    Cyphers has a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

137.    At all relevant times, NISS was subject to Nevada law because NISS was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

138.    At all relevant times, NISS employed Cyphers and each Hourly Employee as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

139.    NRS 608.016 provides that "an employer shall pay to the employee[s] wages for each hour the employee[s] worked." Nev. Rev. Stat. § 608.016.

140.    Specifically, pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." Nev. Admin. Code 608.115(1).

141.    NISS failed to compensate Cyphers and the other Nevada Class Members for all hours worked, as described in this Complaint.

142.    Accordingly, Cyphers "bring[s] a civil action to recover the difference between the amount paid to [Cyphers and the Nevada Class Members] and the amount of the minimum wage," for each hour worked. Nev. Rev. Stat. § 608.260.

143.    As noted, NISS did not compensate Cyphers and the other Nevada Class Members for integral and indispensable work before and after their shifts, performed under NISS's direction and control and on NISS's clients' premises.

144.    Nevada's Minimum Wage Amendment to the Nevada Constitution, Nev. Const. Art. 15, § 16, guarantees a minimum wage for each individual hour worked, rather than as an average over a workweek. *See Porteous v. Capital One Servs. II, LLC*, 809 F. App'x 354, 357 (9th Cir. 2020).

145.    Cyphers and the other Nevada Class Members have been deprived of their rightfully earned wages as a direct and proximate result of NISS's company-wide policies and practices.

146.    As a direct and proximate result, Cyphers and the other Nevada Class Members have suffered, and continue to suffer, substantial damages.

147.    NISS regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by NRS 608.115, with respect to Cyphers and the Nevada Class Members.

148.    Through this unlawful course of conduct, NISS has deprived and continues to deprive Cyphers and the Nevada Class Members of records necessary to calculate with precision the compensation due to them.

149.    NISS's actions were (and are) willfully oppressive, fraudulent and malicious, entitling Cyphers and the Nevada Class Members to punitive damages.

150.    NISS's violations were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to the claims.

151.    In accordance with N.R.S. 608.140, demand has been made to NISS for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

152.    Accordingly, Cyphers and the Nevada Class Members are entitled to recover their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all unpaid hours worked, punitive damages, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law. *See* Nev. Rev. Stat. § 608.005 *et seq.*

**COUNT III**
**FAILURE TO PAY MINIMUM WAGES**
**(NEVADA CLASS)**

153.    Cyphers brings his failure to pay minimum wages claim as a class action on behalf of himself and the other Nevada Class Members under Nevada law and pursuant to Fed. R. Civ. P. 23.

154.    Cyphers has a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

155.    At all relevant times, NISS was subject to Nevada law because NISS was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

156.    At all relevant times, NISS employed Cyphers and each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

157.    Nev. Const. Art. 15, § 16 sets forth the minimum wage requirements in the State of Nevada. Section 16 provides that:

> The provisions of the section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of the section may bring an action against his or her employer in the courts of the State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of the section, including but not limited to back pay, damages,

- 17 -

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

reinstatement or injunctive relief. An employee who prevails in any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs.

158.    Accordingly, Cyphers and the Nevada Class Members are entitled to recover their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all unpaid hours worked, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law.

### COUNT IV
### FAILURE TO PAY OVERTIME WAGES
### (NEVADA CLASS)

159.    Cyphers brings his failure to pay overtime claim as a class action on behalf of himself and the other Nevada Class Members under Nevada law and pursuant to Fed. R. Civ. P. 23.

160.    Cyphers has a private cause of action for unpaid overtime wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

161.    At all relevant times, NISS was subject to Nevada law because NISS was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

162.    At all relevant times, NISS employed Cyphers and each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

163.    Nevada law requires that employers, such as NISS, pay employees, such as Cyphers and the Nevada Class Members at least 1.5 times their regular rate of pay for all hours worked in excess of 40 a workweek. Nev. Rev. Stat. § 608.018(2).

164.    Cyphers and the Nevada Class Members have been deprived of their overtime wages at the required rate—based on all remuneration—for all hours worked in excess of 40 a workweek as a direct and proximate result of NISS's pre/post shift off the clock policy and bonus pay scheme.

165.    NISS regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by NRS 608.115, with respect to Cyphers and the Nevada Class Members.

166.    Through this unlawful course of conduct, NISS has deprived and continues to deprive Cyphers and the Nevada Class Members of records necessary to calculate with precision the overtime compensation due to them.

167.    NISS's actions were willfully oppressive, fraudulent and malicious, entitling Cyphers and the Nevada Class Members to punitive damages.

168.    NISS's violations were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

169.    In accordance with N.R.S. 608.140, demand has been made to NISS for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

170.    Accordingly, Cyphers and the Nevada Class Members are entitled to recover unpaid overtime wages owed, punitive damages, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law. *See* N.R.S. § 608.005 *et seq.*

## COUNT V
### FAILURE TO PAY ALL WAGES UPON TERMINATION
### (NEVADA CLASS)

171.    Cyphers brings his failure to pay overtime claim as a class action on behalf of themselves and the other Nevada Class Members under Nevada law and pursuant to Fed. R. Civ. P. 23.

172.    Cyphers has a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

173.    At all relevant times, NISS was subject to Nevada law because it was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

174.    At all relevant times, NISS employed Cyphers and each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

175.    When an employer, such as NISS, terminates an employee, such as Cyphers or other Nevada Class Members, their wages and compensation earned but unpaid at the time of discharge

- 19 -
ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

immediately become due and payable and become due and payable to a quitting or resigning employee within 7 days or on the next regular payday. Nev. Rev. Stat. §§ 608.020 and 608.030.

176. Employers that do not pay discharged employees all earned wage "[w]ithin 3 days after the wages or compensation of a discharged employee becomes due" and pay all quitting or resigning employees "on the day the wages or compensation is due" are subject to a penalty equivalent to "the wages or compensation of the employee at the same rate from the day the employee resigned, quit or was discharged or placed on nonworking status until paid or for 30 days, whichever is less." Nev. Rev. Stat. 608.040(1)(a-b).

177. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default." Nev. Rev. Stat. § 608.050.

178. By failing to pay Cyphers and the other Nevada Class Members for all hours worked (including minimum wages, regular wages, and/or overtime wages owed) in violation of Nevada law, at the required rate, based on all remuneration, NISS has failed to timely pay all wages due and owing to Cyphers and the other Nevada Class Members who have separated their employment.

179. NISS's violations were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

180. In accordance with N.R.S. 608.140, demand has been made to NISS for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

181. Cyphers and Nevada Class Members who are no longer employed by NISS, respectfully request that the Court award all penalties due in accordance with NRS 608.140 and 608.040, and an additional 30 days' wages under NRS 608.050, together with attorneys' fees, costs, interest as provided by Nevada law. Nev. Rev. Stat. § 608.005 *et seq.*

## COUNT VI
### FAILURE TO PAY OVERTIME UNDER THE AWHA
### (ALASKA CLASS)

182.     Cyphers brings his AWHA claims as a class action on behalf of himself and the other Alaska Class Members pursuant to FED. R. CIV. P. 23.

183.     At all relevant times, NISS was an "employer" within the meaning of the AWHA. *See* AS § 23.10.145.

184.     At all relevant times, NISS employed Cyphers and the other Alaska Class Members as covered "employees" within the meaning of the AWHA. *See* AS § 23.10.145.

185.     The AWHA requires employers, like NISS, to pay employees, including Cyphers and the other Alaska Class Members, overtime wages at rates of at least 1.5 times the employee's regular rate of pay—based on all renumeration—for all hours worked after 8 in a workday and 40 in a workweek. *See* AS § 23.10.060.

186.     NISS violated, and is violating, the AWHA by employing the Alaska Class Members in a covered enterprise for workdays longer than 8 hours and workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay—based on all renumeration—for the hours they worked after 8 in a workday and 40 in a workweek.

187.     NISS's unlawful conduct harmed Cyphers and the other Alaska Class Members by depriving them of the overtime wages they are owed.

188.     Accordingly, Cyphers and the Alaska Class Members are entitled to overtime wages under the AWHA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs. *See* AS § 23.10.110.

### JURY DEMAND

189.     Cyphers demands a trial by jury on all Counts.

### RELIEF SOUGHT

WHEREFORE, Cyphers, individually and on behalf of the other Hourly Employees, seeks the following relief:

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

a.      An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b.      An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c.      An Order appointing Cyphers and his counsel to represent the interests of the Hourly Employees;

d.      An Order finding NISS liable to Cyphers and the Hourly Employees for their unpaid overtime wages and liquidated damages owed under the FLSA;

e.      An Order finding NISS liable to Cyphers and the Nevada Class Members for their unpaid minimum wages, overtime wages, earned wages, penalties, and all damages, including punitive damages, owed and available under Nevada law;

f.      An Order pursuant to the AWHA finding Hecla liable for unpaid overtime wages due to Williams and the Alaska Class Members, plus liquidated damages in an amount equal to their unpaid wages;

g.      A Judgment against NISS awarding Cyphers and the Hourly Employees all their unpaid wages, including overtime wages, liquidated damages, statutory damages, and any other penalties available under the FLSA, AWHA, and/or Nevada law;

h.      An Order awarding attorney's fees, costs, and expenses;

i.      Pre- and post-judgment interest at the highest applicable rates; and

j.      Such other and further relief as may be necessary and appropriate.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

Dated: May 2, 2025.

Respectfully submitted,

**RODRIGUEZ LAW OFFICES, P.C.**

By: _/s/ Esther Rodriguez_
Esther C. Rodriguez
Nevada State Bar No. 006473
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
info@rodriguezlaw.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR CYPHERS &
THE HOURLY EMPLOYEES**

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Cyphers v. Nasco Industrial Services and Supply LLC*

# EXHIBIT 1

**CONFIDENTIAL FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT**

Print Name: Joshua Cyphers

1.  I hereby consent to make a claim against NASCO INDUSTRIAL SERVICES AND SUPPLY LLC to pursue my claims of unpaid overtime during the time that I worked with the company.

2.  I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of any agreements concerning settlement, attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3.  I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against NASCO INDUSTRIAL SERVICES AND SUPPLY LLC .

4.  I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: Joshua Cyphers (Apr 7, 2025 10:32 PDT)     Date Signed: Apr 7, 2025