Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

Julia M. Cline
TX Bar No. 24126758
**JOSEPHSON DUNLAP LLP**
5847 San Felipe St., Suite 2400
Houston, Texas 77057
Tel: (713) 352-1100; Fax: (713) 352-3300
jcline@mybackwages.com

*Attorneys for Cyphers and the Hourly Employees*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSHUA CYPHERS, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NASCO INDUSTRIAL SERVICES AND SUPPLY LLC,<br><br>Defendant. | Case No. 3:25-cv-00221-ART-CSD<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Federal Rule of Civil Procedure 26(f), LR 26-1, and the Court's Order Setting Case Management Conference (ECF No. 45), Plaintiff Joshua Cyphers and Defendant Nasco Industrial Services and Supply LLC submit this proposed Discovery Plan and Scheduling Order.

**SPECIAL SCHEDULING REVIEW IS REQUESTED.**

1. **Rule 26(f) Conference.** Counsel for the Parties conducted the Rule 26(f) conference by videoconference on July 24, 2026. Participating were Trevor Gillette and Alyssa White for Plaintiff and Hillary Ross and Elizabeth Anne Hanson for Defendant.

2. **Initial Disclosures.** The Parties will serve their Rule 26(a)(1) initial disclosures on or before August 7, 2026.

3. **Basis for Special Scheduling Review.** Defendant answered on July 21, 2025. The Parties thereafter agreed to stay this action and to toll the applicable limitations periods to permit private mediation, which took place on May 22, 2026 and did not resolve the case. The stay and tolling agreement expired on May 29, 2026, and merits discovery has only now begun. The Parties therefore propose that the discovery period be measured from May 29, 2026, rather than from the date of Defendant's answer, and that it run 240 days rather than the 180 days contemplated by LR 26-1(b). The additional time is warranted because this is a multi-state class and collective action involving putative members who worked at mine sites in Nevada, Utah, and Alaska; because discovery will require class-wide timekeeping, payroll, rounding-configuration, and bonus data across multiple worksites and pay periods; because third-party discovery of mine operators outside this District is anticipated; and because the Parties expect briefing on notice under 29 U.S.C. § 216(b) and on Rule 23 certification, together with any resulting opt-in discovery, within the discovery period.

4. **Proposed Deadlines.**

a. Deadline for amending the pleadings and adding parties: **October 27, 2026**.

b. The parties agree to commence Pre-Notice Discovery in time to be completed by **October 2, 2026**. The Parties jointly request that this deadline be set in lieu of the default deadline under LR 23-1, which was overtaken by the Parties' stay of this action for mediation.

c. By **October 2, 2026**, Defendant agrees to produce to Plaintiff:

i. A representative sample of twenty-five percent (25%) of anonymous pay and time records for the putative Nevada class members, and the putative Alaska class members, and the putative FLSA collective members;

ii. Any common policies that would have applied to the putative Nevada class members, and/or to the putative Alaska class members, and/or to the FLSA collective class members.

d. Deadline for Plaintiff to move for issuance of notice to the putative FLSA collective under 29 U.S.C. § 216(b): **November 2, 2026**.

e. After the Court rules on any motion for certification of a collective, the Parties agree to meet and confer regarding the scope, schedule, and process for further discovery, including opt-in and related discovery if appropriate, and within fourteen (14) days shall contact the Court to set a further Case Management Conference addressing these issues.

5. **Extensions.** Any stipulation or motion to extend a deadline set in this Order must be filed no later than 21 days before the subject deadline and must comply with LR 26-3. Requests made after expiration of a deadline will not be granted absent a showing of excusable neglect.

6. **Alternative Dispute Resolution.** Counsel certify that they met and conferred about the possibility of using alternative dispute resolution processes. The Parties participated in a private mediation on May 22, 2026, which did not resolve the case.

7. **Alternative Forms of Case Disposition.** Counsel certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Rule 73 and the use of the Short Trial Program. The Parties do not consent to either at this time. LR 26-1(b)(8).

8. **Electronic Filing and Service:** The Parties attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in the Federal Rules of Civil Procedure and applicable Local Rules. For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent and agree service shall be made via electronic service of the same as follows: for Plaintiff, service shall be made by email to jcline@mybackwages.com, niss-cyphers@mybackwages.com, tgillette@mybackwages.com and awhite@mybackwages.com and for Defendant, service shall be made by email to hross@fisherphillips.com, ehanson@fisherphillips.com, and hsanders@fisherphillips.com.

9. **Electronic Evidence.** Counsel certify that they discussed whether they intend to present evidence in electronic format to jurors for jury deliberations. The Parties have not reached a stipulation regarding a proposed format at this time and will confer further as trial approaches. LR 26-1(b)(9).

10. **Discovery and ESI.** The Parties' agreements regarding electronically stored information, including preservation, email search protocol, inadvertent production of privileged material, and the form of production, are set out in the concurrently filed Joint Case Management Report and are incorporated here. The Parties will submit a proposed stipulated protective order, including a provision under Federal Rule of Evidence 502(d), within 30 days of the case management conference.

Dated: August 24, 2026

Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: */s/ Julia M. Cline*
Julia M. Cline
TX Bar No. 24126758
5847 San Felipe St., Suite 2400
Houston, Texas 77057
Tel: (713) 352-1100;
Fax: (713) 352-3300
jcline@mybackwages.com

Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400;
Fax: (702) 320-8401
esther@rodriguezlaw.com

**ATTORNEYS FOR CYPHERS & THE HOURLY EMPLOYEES**

By: */s/ Hillary R. Ross*
Hillary R. Ross
**FISHER & PHILLIPS LLP**
1125 17th Street, Suite 2400
Denver, Colorado 80202
Tel : (720)644-2858
hross@fisherphillips.com

Elizabeth Anne Hanson
NV SBN 16249
**FISHER & PHILLIPS LLP**
300 South Fourth Street, Suite 1500
Las Vegas, Nevada 89101
Tel: (702)252-3131
ehanson@fisherphillips.com

**ATTORNEYS FOR DEFENDANT**

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATED: August 24, 2026